UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

| | |
|---|---|
| SHEVON CHARLES and GEORGE CHERRY, | **COMPLAINT** |
| Plaintiffs, | JURY TRIAL DEMANDED |
| -against- | 17-cv-4138 |
| THE CITY OF NEW YORK; P.O. MICHAEL FRASCA (Tax No. 955927), in his individual and official capacities; and P.O. JOHN DOE #1-7  (whose identities are currently unknown but who are known to be police officers and/or supervisory personnel of the New York City Police Department), in  their  individual and official capacities, | |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiffs, Shevon Charles and George Cherry, by their attorney, Steven E. Lynch, allege for their complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights guaranteed by the Constitution of the Unites States and the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

4. Plaintiffs invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

Plaintiffs have satisfied all procedural prerequisites with respect to their state law claims. Plaintiffs served notices of claim upon the City within ninety (90) days of the incident underlying his claims and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York.  Although thirty (30) days have elapsed since service of their initial notice of claim, the City has not adjusted or paid such claims.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

6. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. The plaintiffs were at all relevant times residents of the City and State of New York.

8. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. At all times hereinafter mentioned, the individually named defendants, P.O.

MICHAEL FRASCA and P.O JOHN DOE #1-7 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### FACTS

14.     On or about April 26, 2016, at approximately 11:45 p.m., in the vicinity of 66-11 Almeda Avenue, Queens, New York 11692, plaintiffs were working on the kitchen of plaintiff Charles's mother-in-law.

15.     Plaintiff Cherry went to his car to retrieve a tool from the vehicle's trunk and discovered that he had locked the car keys in his trunk.

16.     Plaintiff Cherry managed to open the trunk of his vehicle.

17.     As plaintiff Cherry searched his trunk for a tool, a police officer, believed to be P.O. Frasca, approached and said there was a report of someone breaking into a car.

18.     At the time the police officers arrived, plaintiff Charles stood on the sidewalk observing plaintiff Cherry.

19.     Plaintiff Cherry explained to P.O. Frasca that he had locked his keys in his car

and showed P.O. Frasca his car keys.

20. The police officers arrested the plaintiffs and transported them to the 100th Precinct of the New York City Police Department.

21. Police Officers told plaintiff Charles he could not wear his ankle bracelet during his arrest.

22. P.O. John Doe #1-7 entered plaintiff Charles holding cell and forcibly removed his ankle bracelet, subjecting plaintiff Charles to unnecessary force.

23. Defendant police officers placed excessively tight cuffs on plaintiff Charles's ankle, causing him extreme pain.

24. Plaintiff Charles was transported to St. John's Episcopal Hospital and treated for pain to his ankle.

25. Plaintiffs were transported to the Queens County Central Booking Unit.

26. Plaintiffs were released after the Queens County District Attorney's Office declined to prosecute their cases.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violation for False Arrest*
(Against the Individual Officer Defendants)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

28. As a result of defendants' aforementioned conduct, the plaintiffs were subjected to illegal, improper, and false arrests. The plaintiffs were taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

29. Plaintiffs were conscious of their confinement.

30. As a result of the foregoing, plaintiffs' liberty was restricted in filthy and degrading conditions for an extended period of time, plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

31. By virtue of the foregoing, the defendants deprived the plaintiffs of their Fourth Amendment rights under the United States Constitution to be free from unreasonable seizures of his person and are liable to plaintiffs under 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violation for Excessive Force*
(On Behalf of Plaintiff Charles Against the Individual Officer Defendants)

32. Plaintiff Charles repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

33. While in the course of his official duties and acting under color of law, Individual defendant police officers intentionally used excessive physical force against plaintiff, including but not limited to subjecting plaintiff Charles to excessively tight cuffs on his ankle and force used to remove his ankle bracelet.

34. The physical force of the individual officer defendant on plaintiff was objectively unreasonable.

35. The individual officer defendant's use of excessive physical force caused injuries to the plaintiff, including but not limited to, emotional distress, bruising, and pain to his ankle.

36. By virtue of the foregoing, the individual defendants deprived plaintiff Charles of his Fourth Amendment rights under the United States Constitution to be free from

unreasonable seizures of his person and are liable to plaintiff Charles under 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
*Municipal Liability*
(Against Defendant the City of New York)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. The City of New York and the New York City Police Department fail to scrutinized and hold accountable police officers who violate civil rights.

39. The City's continuing failure to deter police misconduct has led to ever increasing numbers of lawsuits for repeated misconduct by the same officers, same units, and same precincts. In the fiscal year of 2012, there were 2,004 tort cases commenced against the New York City Police Department, up from 1,425 tort cases commenced for the fiscal year of 2008.[1] The City of New York has paid at least $80 million for torts against the New York City Police Department since the fiscal year of 2008, peaking in fiscal year of 2009 when it paid out more than $117 million.[2] In the past ten years, the City of New York has paid nearly a billion dollars on lawsuits brought against the NYPD.[3]

40. The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257,

---

[1] Fiscal 2013 Preliminary Mayor's Management Report for the New York City Police Department, available at www.nyc.gov/html/ops/downloads/pdf/mmr0912/nypd.pdf, see page 5, last visited on November 7, 2014.

[2] Fiscal 2013 Preliminary Mayor's Management Report for the New York City Police Department, available at www.nyc.gov/html/ops/downloads/pdf/mmr0912/nypd.pdf, see page 5, last visited on November 7, 2014.

[3] "Report: Number Of Lawsuits Against NYPD Hits Record High," http://newyork.cbslocal.com/2014/02/16/report-number-of-lawsuits-against-nypd-hits-record-high/, February 16, 2014 last visited on November 7, 2014.

(1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan 547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

41. However, the City of New York has isolated NYPD officers like the individual defendant police officers from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.  In 1999, former Comptroller Alan Hevesi reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.[4]  This "total disconnect" between officers' liability and NYPD discipline, results in a system where the City pays vast sums to settle false arrests, but the NYPD does nothing to investigate nor address the underlying causes of such false arrests or officers who have incurred large sums of civil rights liability.

42. The City's deliberate indifference towards the contents of civil rights litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same

---

[4] Bob Hennelly's WNYC report, "Amid City Budget Crisis, New Scrutiny on Millions in NYPD Settlements" from June 8, 2011: http://www.wnyc.org/articles/its-free-country/2011/jun/08/amid-city-budget-grappling-new-scrutiny-millions-nypd-settlements/, last visited on November 7, 2014.

division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiff.

43. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for. Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

44. All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal. "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

45. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action.

This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

46.     Plaintiffs have been damaged as a result of the deliberate indifference of the Defendant City.

### FOURTH CAUSE OF ACTION
*For Unlawful Seizure Under New York Constitution*
(Against Defendant the City of New York and the Individual Defendants)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

48.     Defendants the City of New York and the individual defendant police officers unlawfully seized plaintiffs without a warrant, probable cause, or consent.

49.     Accordingly, the defendants are liable to plaintiffs for defendants' unlawful seizure under the New York State Constitution Article I, § 12.

### FIFTH CAUSE OF ACTION
*For Intentional Infliction of Emotional Distress*
(Against Defendant the City of New York and the Individual Defendants)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

51.     Defendants the City of New York and the individual defendant police officers intentionally inflicted emotional harm upon the plaintiffs.

52.     The defendants' actions against the plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

53.     Defendants the City of New York and the individual defendant police officers breached a duty owed to plaintiff that either unreasonably endangered plaintiff's physical safety, or caused plaintiff to fear for her own safety.

54. Accordingly the City of New York and the individual defendant police officers are liable to plaintiffs under New York state law for intentional infliction of emotional distress.

## SIXTH CAUSE OF ACTION
*For False Arrest under State Law*
(Against Defendant the City of New York and the Individual Defendants)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

56. As a result of defendants' aforementioned conduct, the plaintiff was subjected to an illegal, improper, and false arrest.  The plaintiff was taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.  In the above-mentioned actions, defendants acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

57. Plaintiffs were conscious of their confinement.

58. As a result of the foregoing, plaintiff's liberty was restricted in filthy and degrading conditions for an extended period of time, plaintiff was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

59. By virtue of the foregoing, the defendants deprived the plaintiff of her rights under the law of the State of New York.

## SEVENTH CAUSE OF ACTION
*For Assault under State Law*
(Against Defendant the City of New York and the Individual Defendants)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

61. As described above, the actions of the Individual Officer Defendants placed Plaintiffs in fear of imminent harmful and offensive physical contacts.

62. Accordingly, Defendants are liable to Plaintiffs under New York state law for assault.

### EIGHTH CAUSE OF ACTION
*For Battery under State Law*
*(Against the City of New York and the Individual Officer Defendants)*

63. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64. As described above, the actions of *the Individual Officer Defendants* constituted non-consensual offensive physical contacts which injured the plaintiffs.

65. Accordingly, Defendants are liable to the plaintiffs under New York state law for battery.

### NINTH CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

66. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

67. The Individual Officer Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

68. As a result of the foregoing, the plaintiff is entitled to compensatory damages in an amount to be determined by a jury and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

69. As a result of the foregoing, plaintiffs Shevon Charles and George Cherry are entitled to compensatory damages in an amount to be determined by a jury and are further entitled to punitive damages against the individual defendants in an amount to be determined by a jury.

WHEREFORE, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. §1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
      July 12, 2017

By:   /s/ Steven E. Lynch
Steven E. Lynch
Attorney for Plaintiffs
The Law Offices of Steven E. Lynch
65 Broadway, Suite 747
New York, New York 10006
(Tel.) (212) 498-9494
(Fax) (212) 498-9320
steven@stevenelynch.com